IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-74,754-01 & WR-74,754-02






EX PARTE DONALD ELIJAH MATTHEWS, JR., Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 57859-01-A AND 57858-A IN THE 47TH JUDICIAL DISTRICT COURT


FROM POTTER COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of arson, for which
he was sentenced to eighty years' imprisonment, and violation of a protective order, for which he
was sentenced to fifteen years' imprisonment. The Seventh Court of Appeals affirmed his
convictions. Matthews v. State, Nos. 07-08-00364-CR and 07-08-00363-CR (Tex. App. - Amarillo,
August 5, 2009, pet. ref'd). 

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel failed to call a defense witness who was subpoenaed and who would have testified favorably
for the defense, failed to present mitigating evidence during the punishment phase, and for arguing
that the two offenses with which Applicant was charged arose from a single criminal episode. 
Applicant also alleges that the complainant has provided an affidavit in which she states that she was
coerced into testifying against Applicant by threats of jail time, and that she was coached into
testifying falsely by the prosecutor.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel and the trial prosecutor with the opportunity to respond to
Applicant's claims of ineffective assistance of counsel and prosecutorial misconduct. Specifically,
trial counsel shall state whether he was aware of the existence of Doreen Lewis, and of her
availability and willingness to testify on Applicant's behalf at trial. If counsel was aware of the
existence of this potential witness, counsel shall state why he elected not to call her to testify. 
Counsel shall state whether he sought out or presented mitigating evidence or witnesses at
punishment. He shall also state in what context he argued that the two offenses arose from a single
criminal episode, and what his reasons were for making this argument. Counsel shall also state
whether he was aware of any threats or promises made to the complainant by the State to secure her
testimony at Applicant's trial. The prosecutor shall state whether any such threats or promises were
made to the complainant, and whether the complainant was instructed to testify falsely. The trial
court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate
case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall make findings as to whether the affidavit of La'Kesha Dawn Matthews is authentic,
and whether it is credible. The trial court shall also make any other findings of fact and conclusions
of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas
corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: November 10, 2010

Do not publish